S. M. HUDSPATH v. THOMAS HACKETT ET AL.

Judicial Sale of Non-resident's Property—Judgment Reopened—Effect on Purchaser's Title—Equitable Proceeding.

Although a non resident defendant, constructively served with process, may appear within five years and have the judgment opened and retried, and may then set up any legitimate defense; this new trial will have no effect on the title of the purchaser to the property sold under such judgment, but this should not bar proper proceedings making the purchaser a party in which any equitable cause for setting aside the sale may be made, still the purchaser would have a lien on the premises for the purchase price.

APPEAL FROM SIMPSON CIRCUIT COURT.

June 3, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Jason Neely as a creditor of Samuel M. Hudspath attached a house and lot in Franklin and obtained a judgment of sale, at which Hackett became the purchaser, which sale was confirmed by the court, the purchase price paid and a deed made by the commissioner and approved by the court in pursuance thereof. About four years thereafter Hudspath on notice to Hackett moved to set aside the sale and conveyance.

Hackett, the purchaser, was not a party to the suit and, therefore, not affected by mere errors not rendering the judgment void, if such existed upon the face of the record, and certainly not for alleged errors not appearing in the record. By section 445, Civil Code, a defendant constructively served with process may appear within five years and have the judgment opened and retried and may then set up any legitimate defense, but by section 448 this new trial is not to affect the title of purchasers in good faith to any property sold under such judgments. This judgment may be irregular, but is not void, and therefore on mere motion, even upon notice, the sale should not be set aside, but this should not bar proper proceedings by amended petition making the purchaser a party in which any equitable cause for setting aside the sale may

be made, and in which the court should secure to him the purchase price by a lien upon the premises, as was decided by this court in *Clark's Heirs vs. Farrow, 10 B. Mon., 450; Miller, etc., vs. Hall and wife, 1 Bush., 237.*

Wherefore, the judgment dismissing the motion is *affirmed,* but with leave to the appellant to present by amended petition making the purchaser a party to any equitable cause for setting aside the sale and preparing it for hearing with the suit now pending to open the judgment.

*Underwood, for appellant.*

*Bush, for appellee.*