# Walsh, Executor, et al., v. Pearce, Executor, et al.

# Royce, et al. v. Walsh, Executor, et al.

(Decided June 6, 1912.)

## Appeals From Mason Circuit Court.

1. Pleadings—Sufficiency of Plea of Denial of Knowledge or Information.—When a personal representative is sued on a note purporting to have been executed by his decedent, a denial that he has sufficient knowledge or information to form a belief that the note was executed is a good plea of non est factum.

2. Pleadings—Non est factum—Burden of Proof.—When the defense of non est factum is interposed, the burden of proof to show the execution of the paper sued on is put on the plaintiff, who must introduce some evidence tending to show its execution.

3. Pleadings—Verification of.—A verification of a pleading stating that "the affiant......says the statements in the foregoing pleading are true to the best of his knowledge and belief" is a substantial compliance with section.116 of the Civil Code.

4. Pleadings—Inconsistent Defenses.—The pleas of non est factum, no consideration, and fraud, are not inconsistent, within the meaning of section 113 of the Code.

ALLEN D. COLE, for appellants Walsh, Executor, et al.

FRANK P. O'DONNELL, for appellants Royce, et al.

THOS. D. SLATTERY, FRANK P. O'DONNELL for appellees Pearce, et al.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

These two appeals arising on the same record will be disposed of together.

This suit was brought by H. L. Walsh, as the executor of John H. Baird, who died in 1907, against Charles D. Pearce, executor of Elizabeth Slemmons who died in 1907, to recover on two notes alleged to have been executed by Mrs. Slemmons to Baird; one note being for $400.00, dated June 5, 1902, due thirty days after date; the other being for $2,800.00, dated August 12, 1902, due in thirty days after date. On the $400.00 note, there was endorsed two credits, one in July, 1902, and the other in August, 1902, each for $2.00.

In this suit, the devisees under the will of Mrs. Slemmons were made parties defendant, as well, as the

executor. The devisees filed an answer, in which they denied that Mrs. Slemmons executed either of the notes; and further set up that the notes were obtained by fraud, covin and misrepresentation, and were without consideration.

The executor filed an answer in three paragraphs, to which a demurrer was sustained, and thereupon he filed an amended answer, in which he "denies that he has sufficient knowledge or information to form a belief, and he therefore denies the allegations in the plaintiff's petition that said Elizabeth Slemmons executed or delivered to plaintiff's intestate, J. H. Baird, her promissory note dated June 5, 1902, for $400, and payable thirty days thereafter, with six per cent interest thereon from maturity until paid; and he denies that he has sufficient knowledge or information and therefore denies that Elizabeth Slemmons executed or delivered the note to said J. H. Baird on said date, June 5, 1902, or any other date, for the sum of $400, or any other sum. He denies that he has sufficient knowledge or information to form a belief and therefore denies that said alleged note is due and no part of it has been paid, except $2.00 interest on July 5, and $2.00 interest on August 5, 1902; and denies that he has such knowledge and therefore denies that said note or any part of it is still due and unpaid. He denies that he has sufficient knowledge or information to form a belief and he therefore denies that the said Elizabeth Slemmons executed or delivered to plaintiff's intestate, J. H. Baird, her promissory note dated August 12, 1902, and payable thirty days thereafter. He denies that he has any such knowledge or information and therefore denies that said alleged note or no part of it has been paid. He denies that he has such knowledge or information and therefore denies that said Elizabeth Slemmons still owes said alleged note or any part thereof."

In the second paragraph "he states and charges that the notes mentioned in the petition herein were obtained by and through fraud, covin, deceit and misrepresentation, and are wholly without any good, sufficient or legal consideration and without any consideration whatever."

In the third paragraph he "denies that he has sufficient knowledge or information and he therefore denies that Elizabeth Slemmons executed or delivered the notes mentioned in the petition."

This amended answer was verified as follows: "the affiant C. D. Pearce says the statements in the foregoing pleading are true to the best of his knowledge and belief."

By consent of parties the affirmative matter in the amended answer was controverted of record, and upon motion of the plaintiff, the answer of the devisees Margaret Royce, et al., was stricken from the record, the court being of the opinion as stated in the order that Pearce as executor was the proper party to make and was making the defense set up by the devisees.

Upon a trial of the case, the only evidence introduced was the testimony of the executor of Baird, who said in substance that after his qualification as executor he found the two notes sued on among the papers and effects of Baird. It was further shown by his evidence that Baird was a cigarmaker by trade, and about 48 years old, and that in addition to the two notes sued on there was also found among his papers a note for $50, and that these notes, together with some household goods and furniture and $167, in bank, constituted the entire estate that Baird left.

Upon this evidence the court instructed the jury to find a verdict in favor of Pearce as executor. From the judgment striking from the record the answer of the devisees of Mrs. Slemmons, they appeal, and from the judgment dismissing the petition seeking a recovery on the notes the executor of Baird appeals.

So far as the appeal of the devisees in concerned, it is only necessary to say that the executor had a right to and did make all the defenses that the devisees could have made, or were attempting to make, and therefore there was no reason for permitting the devisees to defend. When an action is brought, as in a case like this, against a personal representative, it is the right and duty of the personal representative to defend the action, and it is only when he fails or refuses in good faith to make and prosecute all available defenses, that the heirs or devisees, or persons interested in the estate, may be permitted to defend for the estate.

The grounds upon which a reversal of the judgment is sought by counsel for the executor of Baird, are first: that the answer of the executor Pearce was not a sufficient denial of the execution and delivery of the notes, or, in other words, not a sufficient plea of *non est factum;*

and second, that the evidence in behalf of the executor of Baird was sufficient to take the case to the jury.

Section 473 of the Kentucky Statutes provides that "The execution of a writing on which a suit or defense is founded or its assignment shall only be denied by answer or other pleading verified by oath." It is necessary to constitute a good plea of *non est factum* that the answer shall be verified and be in express terms a denial of the execution of the instrument sued on, or a denial of sufficient knowledge or information to form a belief concerning its execution. If this defense is made by the person who it is alleged executed the paper, the denial should be in express terms but if the denial is made by the personal representative of the person whose signature is attacked, or by some other third party who has a right to make the defense, a denial of sufficient knowledge or information to form a belief will be sufficient. In this case as the defense was made by the personal representative of Mrs. Slemmons, it was only necessary that he should deny that he had sufficient knowledge or information to form a belief that the notes sued on were executed to put in issue their execution, and the answer filed by the executor fully conformed to the requirements of section 113 of the Civil Code.

In the case of Trustees of Kentucky Female Orphan School v. Fleming, 10 Bush, 234, the court held that the answer of an executor in which he only denied knowledge sufficient to form a belief was not a good denial. But, the decision that the denial was not good was put upon the ground that the executor only denied "knowledge sufficient to form a belief" when he should have denied that he had sufficient knowledge or information to form a belief. Here, the answer denied knowledge or inofrmation to form a belief, and is not open to the objection made to the answer in the Fleming case.

It is further said that as the executor of Mrs. Slemmons had in his possession the papers and effects of the decedent, including her will, the signature to which was duly attested by witnesses, that it was his duty to advise himself with certainty whether the signatures to the notes sued on were the signatures of Mrs. Slemmons. That having this knowledge, it was necessary to either admit or deny positively the genuineness of her signatures; and, a denial of knowledge or information sufficient to form a belief as to whether she executed the notes was not such a denial as is contemplated by

the Code provision, which only permits a denial of sufficient knowledge or information to form a belief when the facts denied are not presumptively within the knowledge of the person making the denial. But it is not to be presumed that an executor is so familiar with the signature of the decedent as that he can say with certainty whether the purported signature is spurious or genuine, and the law does not put on him the necessity of positively affirming a fact that is not presumptively within his knowledge. When, however, a person's relation to or connection with a transaction is of such a character that he could not avoid having actual notice of it, he must if he desires to place the matter in issue, do so in affirmative language and not by a denial that he has not any knowledge or information concerning it. And so, if the matter in issue is in the nature of a public record, a denial of knowledge or information concerning it will not be good as the party could easily obtain the actual knowledge essential to make an express denial. Wing v. Dugan, 8 Bush, 538; Barrett v. Godshaw, 12 Bush, 592; Johnson v. Asher, 105 S. W., 943; Daisey R. Co. v. Brown, 18 Ky. L. R., 155; Lucas v. Lucas, 18 Ky. L. R., 661; Gridler v. Farmers & Drovers Bank, 12 Bush, 333.

It is further insisted that the verification of the answer was not sufficient, but this objection is not well founded. The verification is a substantial compliance with section 116 of the Civil Code, providing that "every pleading which this Code requires to be written must be verified by an affidavit to the effect that the affiant believes that the statements of the pleading are true."

Another ground urged for reversal is that there was sufficient evidence of the execution of the notes to take the case to the jury. On the contrary, there was no evidence at all of the execution of the notes. The only witness introduced in behalf of the executor of Baird did not pretend to give any testimony that the notes were signed by Mrs. Slemmons. The evidence that these notes were found among the papers of Baird after his death did not furnish sufficient evidence of their genuineness to overcome the denial that they were executed by Mrs. Slemmons. When the plea of *non est factum* is interposed as a defense, the person relying on the paper that is the foundation of his cause of action must offer some evidence tending to show that the paper

was in fact executed, as the burden of proof is on the person offering the paper.

It is further said that the pleas of *non est factum,* no consideration, and fraud, respectively relied on, are inconsistent, and that the court should have required the defendant to elect which one of these pleas he would rely on. But, these defenses are not inconsistent. Smith v. Doherty, 109 Ky., 616; First National Bank of Paducah v. Wisdom, 111 Ky., 135; Jones v. Whittaker, 141 Ky., 484; Caruso v. Brown, 142 Ky., 76.

The trial court properly directed a verdict and the judgment on each appeal is affirmed.