## Blair et al. v. Lockwood.

(Decided November 23, 1928.)

### Appeal from Johnson Circuit Court.

1. Bills and Notes.—In action on a note and to enforce a vendor's lien, answer denying execution of note sued on held properly required to be verified, under Ky. Stats., sec. 473, though plaintiff had moved to submit the case for judgment on the face of the note, which motion had been overruled, when motion to verify was made, since no trial of the case had commenced; Civil Code of Practice, sec. 138, providing that no objection to any pleading for want of or in defect in verification shall be taken after "commencement of trial" being inapplicable.

2. Appeal and Error.—In absence from the record of anything to the contrary, it will be presumed that, when motion to verify answer was made and sustained and time given therefor, that defendants' attorney was either present in court, or otherwise had knowledge of court's order, so that it was unnecessary, in order to carry out order for verification, that a rule be issued by clerk and actually served on defendants.

3. Motions.—Defendants, in action to enforce vendor's lien and collect note, as well as their attorneys, must take notice of the orders of the court made in the progress of the action.

4. Bills and Notes.—In action on notes, one of which was admittedly paid, and to enforce vendor's lien, answer denying only that defendants executed the note described in plaintiff's petition, without specifying which note, and that defendants, or either of them, were indebted to plaintiff in sum sued for, held insufficient as plea of "non est factum," since, to constitute such plea, answer must in express term deny the execution of the instrument sued on.

W. J. WARD for appellants.

FRED HOWES for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—Affirming.

This is an action to enforce a vendor's lien. In the petition it is alleged that on July 1, 1925, Lockwood sold and conveyed to the Blairs the real estate in Johnson county therein described, for the consideration of $2,000, $1,050 of which was paid in hand, and a note for the sum of $450 and another note for the sum of $500 executed for the balance of purchase money; that the note of $450 had been paid; that the note for $500 was past due and unpaid, and that the defendants (Blairs) had failed and refused to pay same; that in the deed executed by plaintiff he retained a vendor's lien to secure the unpaid purchase money; that Floyd Lewis and W. J. Ward, who were made defendants, were claiming some interest in or lien upon said real estate, the nature of which plaintiff did not know, and they were called upon to disclose what, if any, interest they had or claimed in said property.

In the answer, "the defendants" denied that they or either of them were indebted to the plaintiff in the sum of $500 or any sum or amount, or that the defendants "Earl Blair and Gladys Blair executed the note described in plaintiff's petition," and denied "that Floyd Lewis and W. J. Ward are claiming some interest or lien upon said property." This answer was filed March 7,

1928, but was not verified. On March 10, 1928, the plaintiff moved the court "to rule the defendants, Earl Blair and Gladys Blair, to verify their answer;" and on the same day moved the court for a judgment on the face of papers, which last motion was overruled.

On March 12, 1928, the court entered an order requiring Earl Blair and Gladys Blair to verify the answer and giving them until Tuesday, March 13th, to do so. It is recited in this order that the order was directed by the court to be entered on March 10th, but was omitted by oversight or mistake, and is entered nunc pro tunc. On March 17, 1928, the court entered judgment in accordance with the prayer of the petition, reciting therein that the defendants, "Earl Blair and Gladys Blair, having been granted time up to and including last Tuesday in which to verify their answer and having failed to do so" and that "the defendants Floyd Lewis and W. J. Ward disclaimed any ownership in the subject-matter of this suit." The defendants have appealed, and the plaintiff has been granted a cross-appeal.

In bringing the case here, appellants do not contend that their answer is such as not to require verification, but insist that the appellee lost his right to have the answer verified after the motion by him to submit the case for judgment on the face of the papers, and that, inasmuch as the court overruled that motion, the case then stood as if a trial of it had commenced.

1. Section 473, Kentucky Statutes, provides:

> "The execution of a writing on which a suit or defense is founded, or its assignment, shall only be denied by answer or other pleading verified by oath."

To the same effect is Sec. 527 Civil Code.

This being an action to recover on a promissory note executed by the Blairs and to enforce a vendor's lien to secure its payment, verification of the answer denying the note was properly required. While section 138 of Civil Code provides that no objection shall be taken, after the commencement of the trial, to any pleading for the want of, or defect in, the verification, that section has no application here, because the motion to verify was made timely and no trial of the case had commenced.

It appears that the motion to verify the answer was made in open court on March 10th, but the order requiring verification was not entered until March 12th, and

defendants were given until March 13th to verify it. They did not verify at all, and on March 17th the answer was stricken and the judgment rendered.

In the absence from the record of anything to the contrary, it will be presumed that, when the motion to verify was made and sustained and time given therefor, appellants' attorney was either present in court, or otherwise had knowledge of the court's order; and it was not necessary, in order to carry out the order for verification, that a rule be issued by the clerk and actually served on the defendants. They, as well as their attorney, must take notice of the orders of the court made in the progress of the action to which they are parties. Payne v. Trigg, 41 S. W. 4, 19 Ky. Law Rep. 801.

It is apparent, therefore, that the court committed no error in striking the answer for lack of verification.

2. The answer, if verified, presents no valid defense to the cause of action set up in the petition. The petition alleges the execution of two notes, and that one of them had been paid. The answer denies only that Earl Blair and Gladys Blair "executed the note described in the petition," without specifying which note, and denies that the defendants, or either of them, are indebted to the plaintiff in the sum of $500, or any other sum or amount. This is not a good plea of non est factum. To constitute such a plea, the answer must in express terms deny the execution of the instrument sued on. Walsh v. Pearce, 148 Ky. 760, 147 S. W. 739.

3. Appellee's motion for a judgment on the face of the papers was equivalent to a demurrer to the answer; and, in view of what has been said concerning the answer, the court should have sustained that motion.

Wherefore the cause is affirmed on both the original and cross appeals.