# Ward v. Lockwood.

(Decided May 2, 1930.)

W. J. WARD for appellant.

FRED HOWES for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Affirming.

On January 9, 1928, the appellee H. B. Lockwood instituted a suit in the Johnson circuit court against Earl Blair, Gladys Blair, Floyd Lewis, and W. J. Ward, seeking to enforce a purchase-money lien note, which was executed by Earl Blair and Glayds Blair to appellee, H. B. Lockwood, and then past due. To secure the payment of this note a lien was retained on a house and lot described in the petition. A judgment was entered in the Johnson circuit court granting to plaintiff, H. B. Lockwood, the relief sought by adjudging that plaintiff recover of the defendants the sum of $500, with interest thereon from July 1, 1925, until paid, together with all his cost. It was further adjudged by the court that to secure the payment of the debt, interest, and cost, plaintiff had a prior and superior lien upon the real estate, which was fully described in the judgment, and a sale of the real estate was ordered. An appeal was taken to this court and the judgment of the Johnson circuit court was affirmed on November 23, 1928. The opinion is reported in Blair v. Lockwood, 226 Ky. 412, 11 S. W. (2d) 107.

On the return of the case to the circuit court the property was duly advertised for sale by the master commissioner as directed in the judgment, and, on February 4, 1929, was sold at public outcry, when the defendant, W. J. Ward, became the purchaser at the price of $793.75.

On February 4, 1929, being the same day on which the property was sold, being almost a year after the judgment and order of sale had been entered, the appel-

lant Lou C. Ward, who is the wife of the defendant, W. J. Ward, purchaser of the property and attorney for the defendants in this case, filed her petition to be made a party, alleging that she is, and was, prior to the filing of the petition, the owner of the property in question and asking that the judgment in favor of the appellee, Lockwood, be set aside, and that she be adjudged the owner of the property, and that her interest be protected. On February 6, 1929, plaintiff filed motion to strike the petition of defendant, Lou C. Ward, to be made party defendant, from the files. On February 15, 1929, appellant, Lou C. Ward, filed objections and exceptions to the master commissioner's report of sale in which she asserted that she was the owner of the property and had not been made a party to the suit. On February 16, 1929, motion to strike petition of Lou C. Ward was overruled.

On the 10th day of June, 1929, plaintiff, H. B. Lockwood, filed a motion to require defendant Lou C. Ward to fill in the blanks in her petition to be made party, showing the deed book and page in which her deed to the property was recorded. On the 12th day of June, 1929, Lou C. Ward complied with the motion by showing that her deed to the property was recorded in the office of the clerk of the Johnson county court in deed book No. 76, at page 408. On the 12th day of June, 1929, plaintiff filed an attested copy of the deed which Floyd Lewis and Martha Lewis, vendees of Earl Blair and Glayds Blair, had made to defendant, Lou C. Ward. The deed being dated the 10th day of January, 1928, and lodged for record on the 19th day of July, 1928. On the 17th day of June, 1929, the plaintiff, H. B. Lockwood, renewed his motion to strike the petition to be made a party of Lou C. Ward from the files and to confirm the master commissioner's report of sale. The court sustained the motion and did strike the petition of Lou C. Ward to be made party from the files and confirmed the commissioner's report of sale. From this order appellant, Lou C. Ward, appeals.

The deed under which appellant, Lou C. Ward, holds the property provides:

"That the parties of the first part for and in consideration of the sum of One Dollar, cash in hand paid, and other good and valuable considerations all of which is in hand paid except Five Hundred ($500.-00) Dollars going to H. B. Lockwood, together with

its interest which the party of the second part agrees to pay, and agrees to assume the payment of the $500.00, with its interest.''

This deed was dated January 10, 1928, which was after the institution of this action and was not recorded until July 19, 1928. The deed under which she claims this property fully recognized the right of plaintiff to the relief which he sought in the action and clearly precluded the defense to the action as attempted to be set up by appellant. We are convinced from the record that the appellant had actual knowledge of the suit and the subject of the controversy at the time she purchased the property. We are of the opinion that appellant was a pendente lite purchaser, which is a purchaser with knowledge of the subject of the controversy and the claims of the litigants. Golden v. Riverside Coal & Timber Co., 184 Ky. 200, 211 S. W. 761. We are therefore of the opinion that the court did not err in striking appellant's pleading from the record, as said pleading presented no defense to the action. The action of the trial court, however, in striking this pleading is without prejudice to appellant's rights to present her claim to the remaining proceeds from the sale of the property, if any there be, after the payment of plaintiff's debt, interest, and all cost, both in the circuit court and in this court.

The judgment is affirmed.