# Rose v. Cox et al.

March 14, 1944

R. L. Pope and O. W. Black for appellant.

Stephens & Steely for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

In Rose v. Reese et al., 290 Ky. 356, 160 S. W. (2d) 614, we reversed the judgment of the lower Court and held that the appellant there, who is also the appellant

on this appeal, was entitled to the real estate here in question, by reason of a contract entered into between her and her deceased brother, Wm. J. Moore. The decision on that appeal was made in respect to the claims of the other heirs of Mr. Moore, and the opinion specifically stated: "It appears that certain persons who are not parties to this action purchased the real estate of Wm. J. Moore, deceased, at the sale made in pursuance of the unsuperseded judgment. This decision shall not be construed to affect the rights thus acquired." The "certain persons" referred to in that opinion are the appellees on this appeal. The reversed judgment directed the Master Commissioner to sell the property and distribute the proceeds among the heirs, in accordance with the lower Court's decision that the appellant and the deceased had not entered into a contract whereby she became entitled to his property upon his death. At the Master Commissioner's sale the appellees became the purchasers of the property. Upon a return of the case to the lower Court, appellees intervened and set up their claim by reason of their purchase at the decretal sale. The Chancellor adjudged them to have the legal title to the property, from which decision this appeal has been prosecuted.

The sole question to be determined is: Whether the purchaser of real estate at a sale made in pursuance of an unsuperseded judgment of a court of competent jurisdiction acquires title to the property, irrespective of the fact that the judgment after the sale and its confirmation has been appealed from and reversed. It is the contention of appellant (1) that since the judgment authorizing the sale of the property was reversed, it was void, the proceedings thereunder were void, and appellees took nothing by their purchase at the sale authorized by the judgment; (2) that appellees were informed before the sale that appellant intended to appeal from the judgment authorizing the sale, and that, having such knowledge, they were pendente lite purchasers with knowledge of the defect in their title, and they are bound by the reversal of the judgment the same as if they were parties to the action.

The first contention may be disposed of with little comment. Where the court has jurisdiction of the parties and the subject matter of the suit, and has statutory authority to decree the sale, a subsequent reversal of

the judgment decreeing the sale is a mere declaration that the judgment is erroneous, but does not render it void. Johnson et al v. Carroll et al., 190 Ky. 689, 228 S. W. 412; Covington Trust Co. v. Owens, 278 Ky. 695, 129 S. W. (2d) 186. In this case it is not contended that the Court did not have jurisdiction of the parties or of the subject matter. It is manifest the Court had statutory authority to decree the sale pursuant to Section 490 of the Civil Code of Practice, which provides that one of several joint owners of land, which cannot be divided without materially affecting its value, may have it sold and the proceeds divided in accordance with the equities of the owners. The decree which was reversed was to the effect that the brother of the litigants died intestate, the contract between him and Mrs. Rose was invalid hence the land of the deceased vested in his brothers and sisters, the land could not be divided without materially impairing its value, and that it should be sold and the proceeds divided. It is obvious, therefore, that the decree is not void and that the rule applying to void judgments is not applicable to the case.

We find no substance to the argument in support of the second contention. Whilst we recognize the rule that a pendente lite purchaser of property which is the subject of litigation, either before or after the sale, is bound the same as one of the parties litigant by a reversal of the judgment, it has never been held that a person not a party to the litigation who purchases the property at a decretal sale, is a pendente lite purchaser. On the contrary, it uniformly has been held that such a purchaser is one in good faith, and that the purchase itself is a meritorious act giving efficacy to the conveyance. In Webb v. Webb's Guardian, 178 Ky. 152, 163, 198 S. W. 736, 741, it is said:

"A purchaser at a judicial sale fairly made under a judgment of a court of competent jurisdiction, and who is a stranger to the record up to the rendition of the judgment, has never been held to be other than a bona fide purchaser, in the meaning of the section of the Civil Code above quoted."

In the same case the Court said:

"The rule in this state which protects the integrity of a judicial sale has become a fixed rule of property, and as said in a number of the opinions heretofore cited

that oftentimes such sales disturb the conscience of the chancellor, but the rule has been adhered to too long to now be changed. It does not appear that a judgment confirming a decretal judicial sale has ever been reversed by any judgment of this court, for the single reason, that it was made under an erroneous decree, which was afterwards reversed upon appeal, where the court which rendered the judgment ordering the sale had jurisdiction of the parties and the subject-matter, and the sale was fairly and regularly made, and completed by the execution and approval of the deed, and the purchaser was a stranger to the record until the time of the sale.''

The distinctions called for in a decision of this case are clearly set out in Clark's Heirs v. Farrow, 49 Ky. 446, 10 B. Mon. 446, 450, 52 Am. Dec. 552, wherein, quoting from Debell v. Foxworthy's Heirs, 48 Ky. 228, 9 B. Mon. 228, it is said:

" 'So far as a voluntary purchaser is concerned, the litigation is regarded as still continuing, notwithstanding the final decree in the Court of original jurisdiction, where a writ of error is subsequently prosecuted, or where a bill of review is filed to correct errors apparent in the record; and he is concluded by the decree which may be finally rendered, founded merely on the same matter originally in issue between the parties.' "

The opinion goes on to say:

"And we barely remark in addition, that a title passed by commissioner's deed under a decree for specific performance and other similar cases, stands upon a different ground from that of a title derived under a decree of sale, and an actual sale; because, in the former case, the conveyance of title rests wholly on the decree, and is the same as if it existed in the decree alone, there being no meritorious act done under the authority of the decree which might give additional efficacy to the conveyance.

"But in other cases, as of a sale under a decree, the purchase is itself a meritorious act, authorized by the decree and creating an equity; and it is a matter of interest to all parties, and to the public, that such sales, if fairly made, should be sustained, and they are sustained, though such decree be afterwards reversed. * * * On these, and perhaps other grounds, may be placed the

distinction which has been uniformly held between the effect of reversing decrees for sale, or under which sales have properly taken place, and decrees for conveyance of title where that is the object of the suit, and the very thing decreed.''

Nor do we perceive, if it be admitted, that notice to appellees that the decree authorizing the sale would be appealed from, should alter the rule upon which the decision must rest. Blake v. Wolfe, 111 Ky. 840, 64 S. W. 910, 98 Am. St. Rep. 434. Appellees could not have been heard to object by way of exceptions to the sale upon the ground that the decree of the Chancellor was erroneous, and upon which ground alone the decree was reversed. Vanmeter et al. v. Vanmeter's Assignee et al., 88 Ky. 448, 11 S. W. 80, 289; City of Owensboro et al. v. Hardwick et al., 232 Ky. 751, 24 S. W. 2d 555. It would be a futile gesture to require a purchaser at a decretal sale to file exceptions to the sale because of an error committed by the court in rendering the judgment. The purchaser, being a stranger to the action at the time the decree was entered, has no right or authority to require the chancellor to reconsider his judgment, although he might have the right to question the proceedings of the commissioner in carrying out the order of the court. In the case last cited above it was held that the filing of exceptions to a sale by the purchaser, upon the ground that the judgment under which the land was sold was erroneous, constituted a collateral attack upon the judgment and could not be entertained. Had no sale of the land been decreed, and had the heirs, excepting Mrs. Rose, conveyed the land to appellees, the latter would have been pendente lite purchasers, and by reason of privity of contract with the heirs would have been bound to restore the land upon reversal of the case. But since their purchase of the property was a meritorious act authorized by the decree of the Chancellor and confirmed by him, they did not become pendente lite purchasers, but became purchasers in good faith in pursuance of the full dignity of the judgment of the Court. The proceedings under the judgment could have been stopped, but only so, by the execution of a supersedeas bond provided by Section 748 of the Civil Code of Practice. Appellant's failure to excute the bond and stay the proceedings under the judgment did not prohibit her from appealing from the judgment of the Chancellor and obtaining a re-

versal effective as to the parties to the suit previous to the entry of the judgment, and as to their privies, either before or after the judgment. But the purchaser at a decretal sale does not ipso facto become a privy of a party to the suit. He acquires legal title to the property without the requirement that he investigate the soundness of the decree of the Chancellor in ordering the property to be sold. If he claims title by reason of a conveyance from one of the parties litigant, he must inquire into the validity of the title and be bound by the ultimate decision of the case. But if he claims title through the deed from the Master Commssioner executed in pursuance of a decretal sale, he need not defend the soundness of the decree except as to the regularity of the proceedings held pursuant to the judgment, provided the person against whom he claims is a party to the action. That being true, we are of the opinion that the Court properly sustained appellees' title to the property.

The judgment, accordingly, is affirmed.