## Sublett et al. v. Carpenter's Administratrix.

May 16, 1944.

86

D. G. Sublett for appellants.

W. R. Prater for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

In this action the appellants are seeking to recover $500 from the estate of W. P. Carpenter, deceased, for an alleged breach of contract to furnish timber. The appeal is from a judgment sustaining exceptions to the deposition of D. G. Sublett, "in so far as the same relates to any contract or agreement of conversation or transaction with or between D. G. Sublett and the said W. P. Carpenter, deceased, or anything done or omitted to be done by him," and dismissing their petition.

The petition charged that, under a written contract which was filed as an exhibit, one-half of the purchase price of a tract of timber ($500) was paid by the Subletts to Carpenter, with the understanding that timber of certain specifications was to be delivered to the appellants at a designated place; they were to be given credit for the payment as the timber was delivered; in the event the timber was not delivered in accordance with the agreement, Carpenter was to repay the $500; and Carpenter did not deliver or have delivered the timber according to the terms and conditions of the contract or repay the down payment. The contract was between Carpenter, Charlie Howard, the Eureka Coal and Timber Company and the appellants, and was signed by all of them. Carpenter owned the timber, Howard was to do the sawing and the lumber was to be delivered to the Timber Company. Among other things the contract provided: "It is hereby agreed and understood that W. P. Carpenter is to have full control of said timber and sawing of same; and that no title passes to of said timber until the full purchase price of $1000.00, has been paid to Eureka Coal & Timber Co., and W. P. Carpenter, and in event the said Charley Howard fails to cut and have sawed and de-

livered to railroad at Royalton, Ky., as above stated, just such of the timber as the Eureka Coal and Timber Co., so desires, he then had no further rights or claim to said timber, and W. P. Carpenter is to repay the $500.00 advanced to him by L. E. Sublett.''

The receipt executed by Carpenter for the down payment is as follows:

''Received of L. E. Sublett the sum of Five Hundred Dollars, payment on timber tract as referred to in contracts bearing even date hereof between Charley Howard, D. G. Sublett, L. E. Sublett and the undersigned, leaving a balance due on said purchase price of said timber the sum of $500.00.

''This 11th day of February 1935.

''W. P. Carpenter.''

The original answer was not verified but the amended answer was. Both denied only the legal effect of the alleged contract and transactions between the appellants and Carpenter. There was no denial of the execution of the writings. This was not a good plea of non est factum. Under KRS 454.010 such a plea must be in express terms if made by the person who is charged with the execution of the paper, but in the case of a personal representative of the person who is charged with executing the writing a denial of sufficient knowledge or information to form a belief will suffice. Walsh v. Pearce, 148 Ky. 760, 147 S.W. 739; Blair v. Lockwood, 226 Ky. 412, 11 S.W. 2d 107. As indicated, there was no such plea here.

The appellees contend in their brief that after the sale of the timber Carpenter had no connection with its manufacture or removal, and that he was not a party to the alleged contract. It is clear, however, from the foregoing quotation from the contract that Carpenter was to retain full control of the timber and the sawing thereof, with no title passing until he received the full purchase price ($1000). Under the circumstances the appellants were entitled to a judgment on the pleadings.

Wherefore, the judgment is reversed, with directions to set it aside and for the entry of a judgment consistent with this opinion.