**McMULLEN OIL & ROYALTY COMPANY, Inc., et al., Appellants,**

v.

**Felix KORZEKWA, Appellee.**

**No. 13713.**

Court of Civil Appeals of Texas.

San Antonio.

March 1, 1961.

Rehearing Denied March 29, 1961.

Cox, Smith & Smith, San Antonio, for appellant.

Ronald Smallwood, Karnes City, for appellee.

MURRAY, Chief Justice.

This is an appeal from a judgment in favor of appellee against appellants cancelling a mineral deed dated November 8, 1929, from Clemens Swierc et ux., to H. J. McMullen, conveying $^{15}/_{16}$ths of the oil, gas and other minerals in 224 acres of land in Karnes County.

Originally this action was filed on September 2, 1955, by Clemens Swierc and twenty-three other plaintiffs to cancel twenty-four mineral deeds delivered in 1929 by said plaintiffs or their predecessors to H. J. McMullen, because of the alleged fraud of McMullen in representing that the deeds were only oil and gas leases, and that if drilling operations were not begun in one year all interests would revert to the plaintiffs.

On June 17, 1957, the trial court ordered a severance of Clemens Swierc's case from the others and ordered him to file a separate suit within twenty days, or suffer dismissal with prejudice. Swierc failed to file such suit, but quitclaimed all of his interest in the minerals in his land to Felix Korzekwa, appellee herein, in November, 1957. This suit was filed by Korzekwa on April 25, 1958, seeking cancellation of the min-

eral deed upon the same allegations theretofore asserted by Swierc.

Trial was to a jury who found, among other things, that H. J. McMullen orally represented to Clemens Swierc that the mineral deed was only an oil lease covering his 224 acres of land; that such representation was false; that it was known to be false by McMullen at the time he made such representation with the intention that it should be relied upon by Swierc and his wife, and that Swierc and his wife signed the mineral deed relying upon the false statement made by McMullen, and but for such false statement they would not have signed the instrument. That McMullen further represented to Swierc and wife that the instrument contained a provision that the lease would terminate as an oil lease twelve months after November 8, 1929, if McMullen did not drill or commence the drilling of a well before the expiration of such twelve months period. That prior to the year 1951 Swierc did not discover that the instrument executed by him and his wife to McMullen, dated November 8, 1929, was not an oil lease, and that Swierc did not have such information prior to 1951 as would have caused a reasonably prudent person, in the exercise of reasonable diligence, to inquire into and ascertain the effect of the instrument executed by him and his wife to H. J. McMullen on November 8, 1929.

Appellants' first three points raise the question that the evidence conclusively shows that four years prior to the filing of the suit Clemens Swierc discovered the fraud of H. J. McMullen in procuring the mineral deed in 1929, and that by the use of reasonable diligence should have discovered the fraud that had been perpetrated upon him and his wife.

The evidence shows that on November 8, 1929, Clemens Swierc and his wife, Adele Swierc, executed a mineral deed conveying $15/16$ths of the minerals under 224 acres of land owned by them in Karnes County to H. J. McMullen. The jury found from the evidence that Swierc and wife were of Polish descent and could not read or write the English language, but relied upon the false representation as to the nature of the instrument they signed. On December 6, 1929, H. J. McMullen conveyed to McMullen Oil & Royalty Company, Inc., $7/8$ths of the minerals under the same land. Appellant Fort Worth National Bank, Executor and Trustee under the last will and testament of Susie McMullen Langille, deceased, is the successor in interest to whatever portion of the remaining $1/16$th mineral interest H. J. McMullen did not dispose of before his death. Appellee, Felix Korzekwa, is the grantee of Clemens Swierc and wife, Adele Swierc, under a quitclaim deed dated November ——, 1957. This deed was executed and delivered after the original suit was filed and after the order of severance was issued by the trial court.

Appellants pleaded the four-year statute of limitations. Art. 5529, Vernon's Annotated Civil Statutes. At the close of the testimony, appellants moved for an instructed verdict, based upon the evidence as being conclusive that Swierc actually discovered, or by exercise of reasonable diligence should have discovered, the fraud of H. J. McMullen, which motion was overruled. After the verdict was read, appellants moved for judgment non obstante veredicto, which motion was also overruled. Clemens Swierc was called as a witness by appellee and testified that he did not discover the fraud until the year 1955, when uranium was discovered in Karnes County. He was questioned as to whether or not he attended a meeting in Falls City, called by a number of farmers in the Falls City community who had signed mineral deeds on their land, for the purpose of discussing the employment of a lawyer and bringing suit to set aside these mineral deeds, all given in the year 1929. He at first was evasive and said that he had heard of such a meeting, but didn't know much about it. Finally, when a yes and no answer was called for, he admitted attending the meeting at Mr. Pawelek's drug store in Falls.

City, and that Terry Scarborough, Esq., a lawyer from Kennedy, was there for the purpose of investigating and possibly filing suit on behalf of the landowners. This meeting was in 1943 or 1944. Swierc also testified that an oil field was brought in near Hobson in 1940, and another oil field, near Falls City in 1942. At that time he heard of some of the neighbors getting good leases on their land, but no one attempted to lease his land, and he thought this was strange. He testified further that some people drilled a well on his land to the depth of 2,500 feet, that they simply came and told him they would like to have permission to drill a test hole on his land to the depth of 2,500 feet, and he told them that they might do so. He said he did not know who the people were that were drilling this well. The mineral deed that Swierc executed in 1929 was filed at once in the deed records of Karnes County, Texas, and has been on record there ever since that date.

■ Clemens Swierc and his wife gave Felix Korzekwa a quitclaim deed to all their mineral interest in their 224 acres of land in Karnes County while this suit was pending, and received no consideration for their quitclaim deed. Thereafter the suit was maintained by Korzekwa, and he is the appellee here. Under such circumstances we must treat this case as though this quitclaim deed had not been executed pendente lite, and as though Swierc and his wife were the actual parties to the suit. Hartel v. Dishman, 135 Tex. 600, 145 S.W. 2d 865; Ward v. Lockwood, 234 Ky. 160, 27 S.W.2d 692; 28 Tex.Jur. 330, § 19.

The uncontradicted evidence shows that Clemens Swierc discovered the fraud which had been perpetrated against him more than four years before filing the suit, or that he was in possession of such facts that if he had used ordinary diligence, as a reasonably prudent man, he would have discovered such fraud more than four years before the filing of the suit. Appellants'

motion for judgment non obstante veredicto should have been granted.

The judgment will be reversed and judgment here rendered that appellee take nothing.