McMULLEN OIL AND ROYALTY
COMPANY, Inc., et al.,
Appellants,

v.

Daniel LYSSY et al., Appellees.

No. 10924.

Court of Civil Appeals of Texas.

Austin.

Jan. 17, 1962.

Cox, Smith & Smith, San Antonio, for appellants.

Ronald Smallwood, Karnes City, for appellees.

RICHARDS, Justice.

This appeal grows out of a suit filed September 7, 1955 as Cause No. 7768, in the District Court of Wilson County, by August Lyssy and twenty-eight other plaintiffs against John H. McMullen and twenty-one other defendants to cancel nineteen deeds executed in 1929 and 1930 by plaintiffs or their predecessors in title conveying mineral interests in certain lands in Wilson County, Texas to H. J. McMullen because of alleged fraud on the part of McMullen in representing that the deeds were oil and gas leases and that unless drilling operations for the production of oil and gas was not commenced by McMullen within a period of

from three to six months thereafter the leases would automatically be cancelled and the interests conveyed to McMullen would revert to the grantor plaintiffs.

On April 25, 1960, John Lyssy and wife Pauline Lyssy, who were among the plaintiffs in Cause No. 7768, conveyed all their interest in the minerals in the lands in controversy being approximately 125 acres out of the L. Manchaca III League Grant in Wilson County, Texas to their children Daniel Lyssy and others, appellees herein, and subsequently the Trial Court on August 11, 1960 entered an order of severance permitting appellees to file a new suit which was filed and docketed as Cause No. 8021 in the same court by appellees Daniel Lyssy, Edward Lyssy, Lucy Pollok et vir, Vincent Pollok, Proxie Wiatrek et vir, Thomas Wiatrek, Irene L. Pawlik, a widow and Magdalen L. Wiatrek as plaintiffs naming appellants McMullen Oil and Realty Company, Inc. and Fort Worth National Bank, Executor of the Estate of Susie McMullen Langille, deceased, as defendants. Contemporaneously with the order of severance the Trial Court entered an order in Cause No. 7768 granting the motion of plaintiffs to take a nonsuit against the defendant John H. McMullen.

The severed cause was tried before a jury on January 23, 1961 and based upon the answers of the jury to fourteen special issues the Court entered judgment for appellees and cancelled the mineral deed in controversy. Appellants filed their motion for new trial which was overruled and thereafter timely perfected this appeal. Prior to the entry of the judgment appellants filed their motion for judgment non obstante veredicto which was overruled.

Appellants based this appeal upon nine points of error committed by the Trial Court in entering the judgment cancelling the mineral deed. As their second point of error appellants urge that the judgment of the Trial Court should be reversed and rendered because appellees' cause of action for cancellation of the mineral deed in controversy was barred as a matter of law by the four year statute of limitations, Art. 5529, Vernon's Civil Statutes, since the uncontradicted evidence before the Trial Court showed that appellees had not perfected service of citation upon appellants until more than four years and five months had elapsed after Cause No. 7768 was originally filed in the District Court of Wilson County and appellees failed to introduce any evidence of diligence or a reasonable excuse for delay in obtaining or attempting to obtain service of process upon appellants during that period. In our opinion appellants' second point of error should be sustained.

In their second amended original answer appellants affirmatively pleaded, among other defenses, that the original pleadings in Cause No. 7768 were filed on September 7, 1955, that service of citation was not had upon appellants until February 26, 1960 and therefore the cause of action was barred by the four year statute of limitations. Appellants also raised the four year statute of limitations by special exception which was overruled by the Trial Court.

At the trial on the merits the following stipulated facts were offered in evidence, without objection, and read to the jury:

"3. That Plaintiffs' Original Petition in Cause No. 7768 in this court, styled August Lyssy, et al., v. John H. McMullen et al., was filed with the Clerk of this court on September 7, 1955.

"4. That the records in Cause No. 7768 next above described reflect that service of citation in said Cause No. 7768 was perfected upon the Defendants, McMullen Oil and Royalty Company, Inc. and Fort Worth National Bank, Executor of the Will and Estate of Susie McMullen Langille, Deceased, on February 26, 1960, and *that such records do not show that any other service of process was perfected upon such Defendants at any other time.*

"5. That this Cause No. 8021 was severed from said Cause No. 7768 by

order of the Court dated August 11, 1960." (Italics supplied.)

■ In Texas it has long been held that the mere filing of a petition does not toll the statute of limitations since there must be a bona fide intention that process be issued and served and due diligence must be exercised in both the issuance and service of process. Adams v. Slattery, 156 Tex. 433, 295 S.W.2d 859; City of Gainesville v. Harder, 139 Tex. 155, 162 S.W.2d 93; Owen v. City of Eastland, 124 Tex. 419, 78 S.W.2d 178; Buie v. Couch, Tex.Civ.App., 126 S.W.2d 565, error ref.

■ The filing of the petition in Cause No. 7768 on September 7, 1955, coupled with the fact that service of citation in that cause was not perfected upon the appellants until February 26, 1960 without any showing that any service of process was attempted or perfected upon appellants at any other time, did not interrupt the statute of limitations since it was necessary for appellees to go further and show that "due diligence" was exercised by them in securing issuance and service of process upon each of the several appellants. Adams v. Slattery, supra, 295 S.W.2d 872.

It was therefore incumbent upon appellees after the introduction in evidence of the stipulated facts concerning the date of the institution of the suit and the issuance and service of process upon appellants to show due diligence or some reasonable excuse for the delay in having such process issued and served. No evidence was introduced by appellees upon the trial to show either due diligence on their part or that they or their counsel had a reasonable excuse for the delay in the issuance and service of process upon appellants for a period of more than four years and five months. Hence there was no need for the submission to the jury of any issues on "due diligence" or "reasonable excuse" since such questions were conclusive against appellees as a matter of law. Ricker v. Shomaker, 81 Tex. 22, 16 S.W. 645; Austin v. Proctor,

Tex.Civ.App., 291 S.W. 702, 704, no writ history; Buie v. Couch, supra; Landers v. Jordan, Tex.Civ.App., 126 S.W.2d 677, 680, no writ history.

The Trial Court erred in refusing to grant appellants' motion for instructed verdict and motion for judgment non obstante veredicto since under the uncontradicted evidence four years and five months had elapsed before service of process upon appellants and therefore appellees' cause of action was barred by the provisions of Art. 5529, V.C.S. Appellants' second point of error is sustained.

■ In addition, appellees' cause of action is barred by the four year statute of limitations for the reason that the evidence conclusively shows that John Lyssy, the plaintiff in Cause No. 7768, discovered the alleged fraud of H. J. McMullen in procuring the mineral deed more than four years prior to the institution of this suit as urged in appellants' fourth point of error.

John Lyssy, who was the sole witness on behalf of appellees as to the facts and circumstances surrounding the execution and delivery of the mineral deed to H. J. McMullen in 1930, testified in substance on direct examination that he knew in 1938 or 1939 that the instrument he executed was not an oil and gas lease and that he and his neighbors discussed at that time that they had been cheated on the deal but that he did not file a suit in 1938 or 1939 because he thought McMullen would come back and do something about it, and that in 1945 when some men wanted to lease his land for an oil and gas lease he was "scared to lease it" because "McMullen had it."

On cross examination the witness testified that in 1950 he knew that various wells had been drilled on leases belonging to neighbors in the immediate vicinity of his property, that McMullen promised him that he would drill a well the first year but that he did not believe McMullen when he said it; that after eight years he was still hoping that McMullen would come in and drill it. He

also testified on re-direct examination that he would have been entitled to receive 1/16th of all of the oil produced on his land in addition to the $62.50 which he had received from McMullen at the time of the execution of the mineral deed which he was glad to receive because "it looked like a whole lot of money at that time."

■ The statements made by the witness John Lyssy constituted judicial admissions since he was one of the original plaintiffs in Cause No. 7768, although he conveyed his mineral interest in the land in question to appellees after suit had been filed.

■ It is fundamental law that a statute of limitations begins to run from the time that (1) the fraud is discovered or (2) from the time it might have been discovered by the use of reasonable diligence or (3) from the time of the possession of such information as would cause a reasonably prudent person to investigate and discover the fraud. Glenn v. Steele, 141 Tex. 565, 61 S.W.2d 810. Applying this rule to the admissions of John Lyssy above set forth, it is apparent that he knew in 1938 or 1939 that he was "cheated" and that he knew in 1945 that he could not lease the land because "McMullen had it." Additional testimony of the witness John Lyssy clearly shows that he might have discovered the alleged fraud by the use of reasonable diligence and that he possessed such information as would cause a reasonably prudent person to investigate and discover the alleged fraud as late as 1950 when he knew of the wells which had been drilled upon the properties of his neighbors in the immediate vicinity of his land under mineral deeds to McMullen similar to the one which he executed, which neighbors had been present at meetings where discussions took place concerning their having been "cheated" by McMullen.

There is a striking similarity between the facts in the case at bar and in McMullen Oil and Royalty Co. v. Korzekwa, Tex.Civ. App., 344 S.W.2d 525, error ref., N.R.E., where an original action was filed on Sep-

tember 2, 1955 by Clemens Swierc and twenty-three other plaintiffs to cancel twenty-four mineral deeds delivered in 1929 to H. J. McMullen because of the alleged fraud of McMullen in representing that the deeds were only oil and gas leases and that if drilling operations were not begun in one year all interest would revert to the grantor. Incidentally John Lyssy testified that Clemens Swierc was one of his friends who went to see a lawyer in 1951 about his being cheated by McMullen.

The Trial Court ordered a severance of Swierc's suit from the main suit as in the instant case but instead of filing suit Swierc quitclaimed his interest to Korzekwa who filed suit on April 25, 1958 for cancellation on the same allegations asserted by Swierc. There was a jury trial as in the instant case in which many of the issues submitted to the jury were almost identical with the issues submitted in the case at bar, resulting in a judgment rendered by the Trial Court cancelling the deed. As here, appellants pleaded the four year statute of limitations and at the close of the testimony moved for an instructed verdict and after the verdict was read moved for judgment non obstante veredicto, both of which motions were overruled.

The Court of Civil Appeals, having held that although title to the mineral interest was transferred during the pendency of the suit by the original plaintiff to the appellees, the case should be treated as though Swierc was the actual party to the suit, ruled that since the uncontradicted evidence showed that Swierc had discovered the fraud more than four years before filing the suit, the motion for judgment non obstante veredicto should have been granted since the four year statute of limitations was applicable and reversed and rendered the cause.

Appellants' third, fourth and fifth points of error are sustained. It is clear from the uncontradicted evidence that John Lyssy discovered the alleged fraud more than four years before instituting his suit or that he was in possession of such facts that by the

use of ordinary diligence as a reasonably prudent man he would have discovered the alleged fraud more than four years before the filing of the suit and therefore appellees' cause of action is barred under the provisions of Art. 5529, V.C.S.

In view of our holding that appellees' cause of action is barred by Article 5529, V.C.S. it is unnecessary to pass upon the remaining points of error set forth in appellants' brief. The judgment of the Trial Court is reversed and judgment here rendered that appellees take nothing by their suit.

Reversed and rendered.