**Elinor SEDLEY, Appellant,**

v.

**LOUISVILLE TRUST COMPANY et al.,
Appellees.**

Court of Appeals of Kentucky.

May 26, 1967.

As Modified on Denial of Rehearings
Oct. 20, 1967.

Wilbur Fields, Louisville, for appellant.

William D. Lambert, M. Brooks Senn, B. L. Shamburger, William R. Mapother, Henry B. Mann, Garner M. Petrie, Squire R. Ogden, Homer A. Sobel, Louisville, for appellees.

OSBORNE, Judge.

This is a consolidated appeal from the Jefferson Circuit Court. The appellee, Louisville Trust Company, brought the initial action to collect a promissory note in the amount of $70,000 against the makers, Joan E. Davis and Tyrus R. Davis.

In order to purchase a tract at 900 Alta Vista Drive in Louisville, Jefferson County, Kentucky, Mr. and Mrs. Davis had given the vendor of the property a promissory note in the amount of $70,000. This note was secured by a mortgage on the property. The note was assigned to the Louisville Trust Company by the vendors of the property. Citizens Fidelity Bank was named as a defendant in this action due to a recorded second mortgage it held on the property in question. Mrs. Elinor Sedley moved to intervene, claiming an interest in the property. It appears from the record that a series of promissory notes was executed by Mr. Davis which gave rise to Mrs. Sedley's cause of action.

Appellant is seeking a reversal of three judgments of the Jefferson Circuit Court. On November 6, 1965, judgment was entered in favor of the Louisville Trust Company on the Davis' note and mortgage reciting that the Louisville Trust Company claim was superior to any and all other claims. The court ordered the property sold at judicial sale.

On January 5, 1966, before the property was sold, another judgment was entered. This judgment was in favor of the Citizens Fidelity Bank. It adjudged that Citizens Fidelity had a lien which was superior to any and all liens and encumbrances except the lien of the Louisville Trust Company. The sale was held and the purchaser was Pruitt Built Homes. The purchase price was $84,000. The commissioners appointed by the court had appraised the property at $125,000.

Mrs. Sedley filed objections to the report of sale. Her grounds were that a cash sale of real property was contrary to KRS 426.700 and the Jefferson Circuit Court Rule 909; that the appraisal of $125,000 was unreasonable and arbitrary, and that the assessed value of the property was $158,600. Mrs. Sedley's objections were overruled. The court confirmed the sale and ordered the master commissioner to execute a deed to the purchaser. This judgment was entered on September 2, 1966.

We have examined the record with care and are of the opinion the alleged errors have become moot. The statement of appeal discloses that there has been no supersedeas bond executed. CR 73.04 expressly provides for a supersedeas bond to stay the proceedings on a judgment.

The status of an unsuperseded judgment was before us in the case of Rose v. Cox, 297 Ky. 458, 179 S.W.2d 871, 155 A.L.R. 1246, wherein the question decided was whether the purchaser of real estate at a sale made pursuant to an unsuperseded judgment acquired title to the property, irrespective of the fact that subsequent to the sale and confirmation that judgment was appealed and reversed.

Appellant prays that we set aside the sale of the property on the ground that it is void.

The alleged grounds for reversal in the Rose case, supra, were that the sale was void and that the purchaser was a pendente lite purchaser. The court, in reviewing these errors, held that when a court has

jurisdiction of the parties and the subject matter of the suit and has statutory authority to decree a sale, then a subsequent reversal of the judgment decreeing the sale is a mere declaration that the judgment is erroneous, but it is not void, citing Johnson et al. v. Carroll et al., 190 Ky. 689, 228 S.W. 412, and Covington Trust Co. of Covington v. Owens, 278 Ky. 695, 129 S.W.2d 186.

In the instant case appellee, Pruitt Built Homes, has taken its title from the master commissioner. Pruitt was not a party to this litigation prior to the judicial sale and was not a pendente lite purchaser. Ward v. Lockwood, 234 Ky. 160, 27 S.W.2d 692. We are of the opinion that the case of Rose v. Cox, supra, must control the disposition of this case. The fact that the judgment ordering the sale of the property was not superseded prevents us from granting her the relief to which she is allegedly entitled.

The judgment is affirmed.

All concur.