WILLIAM FEASTER

*v.*

REBECCA FLEMING.

1. JUDGMENTS AND DECREES — *whether void for error.* Where the court has jurisdiction of the subject matter and the parties, no error will render the decree void.

2. REVERSAL OF DECREE — *whether a purchaser affected thereby.* The rights of a purchaser who is not a party to the record, under a decree which is not void, acquired while the decree is in force, will not be affected by a subsequent reversal of the decree for error.

APPEAL from the Circuit Court of Iroquois county.

The opinion states the case.

Messrs. ROFF & DOYLE, for the appellant.

Messrs. BLADES & KAY, for the appellee.

---

Mr. JUSTICE THORNTON delivered the opinion of the Court:

In 1860, Vennum and Axtell filed a petition for partition of eighty acres of land, in Iroquois county, against Rebecca Fleming, alleging their ownership of all the premises, except one-sixth, which belonged to Rebecca, and also averring that Mrs. Fleming was entitled to dower. She appeared by counsel and answered, claiming the one-sixth of the land and her right of dower. On the 14th of June, 1860, during the term of the court, the following stipulation, in writing, signed by the attorneys of the respective parties, was filed: " It is agreed that said land be partitioned according to prayer of petition, without taking into account the house and pump put thereon by Mrs. Fleming, and the house and pump to belong to her, and that Charles W. Dawson, Amos White and George Gray be appointed commissioners to divide the same." The court thereupon rendered a decree, reciting the stipulation, and finding the interests of the parties, and that Mrs. Fleming was entitled to dower, and appointing commissioners to make partition. Upon the report of the commissioners that the land was not susceptible of division, a sale was ordered, reserving a dwelling and pump on the land to Mrs. Fleming, and appointing a commissioner to sell. The commissioner reported to the court that, on the 11th of August, 1860, the land was sold to William Feaster, the appellant, after due notice, and at public auction, for $725, and a deed executed, which report was approved. Mrs. Fleming, then residing on the premises, immediately after the sale abandoned them, removing the dwelling reserved, to her. Feaster, in 1860, took possession, which has been uninterrupted from that time to the present, and has paid all taxes from 1861 to 1868, inclusive.

In 1863, Mrs. Fleming filed a bill, called in the record a bill of review, making Vennum, Axtell and Feaster defendants, and upon the hearing the court rendered a decree setting aside all the proceedings in the original petition for partition, except the decree, and the report of the commissioners that

partition could not be made, and divesting Feaster of all rights acquired under the decree. This decree was rendered in 1865. No further action was taken by Mrs. Fleming.

The next step in this anomalous and voluminous record is the filing of a bill, in 1868, by the heirs of Vennum, making only Mrs. Fleming a defendant, and averring the purchase by their father of all the interest of Axtell in the eighty acres, and that they were the owners of all of it, except one-sixth and the dower, to which Mrs. Fleming was entitled. Mrs. Fleming filed an answer, and a cross-bill, making the Vennum heirs and Feaster parties. Feaster answered the cross-bill, and filed a bill against Mrs. Fleming, in the nature of a bill of revivor, as it is termed in the record, setting forth all the former proceedings, decrees, etc., and praying that all might be set aside, except the first decree, in 1860, and the sale and proceedings thereunder. Answer and replications were filed. An order for assignment of dower was made and commissioners appointed. Upon the coming in of the report, the court made a final decree, giving the widow, for her dower, twenty-four acres of land, and for detention of the same, $337, as found by a jury. For a reversal of this decree, appellant brings the case to this court.

It is in proof that only $220 of the purchase money had been collected; and that of this Mrs. Fleming had received $70. It also appears that the original decree was reversed for error, by this court, in 1867.

There are two questions to be considered : 1st. Was the decree of 1860 void ? 2d. If not, what was the effect of its reversal ? It is an unbending rule of law, that if the court had jurisdiction of the parties and the subject matter, no error will render the judgment or decree void. In this case, the petition was in proper form, described the land correctly, and all parties in interest were before the court. Jurisdiction was properly acquired of the parties, and the subject matter was one proper for adjudication. Some sanctity must be given to judicial proceedings, and some safe-guard thrown around pur-

chasers at judicial sales. Mrs. Fleming is in court, consents to the decree, permits the sale without objection, abandons the premises, and interposes no claim for three years. The purchaser pays his money, enters into possession, accepts his deed, and is protected by the decree, for he is not bound to look beyond it. *Buckmaster* v. *Carlin*, 3 Scam. 108; *Swiggert* v. *Harber*, 4 id. 371; *Young* v. *Lorain*, 11 Ill. 637 ; *Rockwell* v. *Jones*, 21 id. 285 ; *Iverson* v. *Loberg*, 26 id. 179 ; *Fitzgibbon* v. *Lake*, 29 id. 176 ; *Guiteau* v. *Wisely*, 47 id. 434; *Mulford* v. *Stalzenback*, 46 id. 306.

The reversal of the decree, seven years after its rendition, for error, can not affect the rights of the purchaser, acquired while it was of binding force. Feaster was no party to the record, and the rule of notice of *lis pendens* does not apply to him. Flowing from the principles of the law and from strict justice, it is a fixed rule that all rights acquired under a decree while in force, are secure, though there may be a subsequent reversal. There must be reliance upon the judgments and decrees of the courts. Deprive purchasers, at judicial sales, of protection from them, and our titles become mere shadows. *McJilton* v. *Love*, 13 Ill. 495 ; *Goudy* v. *Hall*, 36 id. 318; *Goodwin* v. *Mix*, 38 id. 128; *Fergus* v. *Woodworth*, 44 id. 381.

Appellant is entitled to the land by virtue of the original decree and a sale under it. The widow should have a decree for a portion of the purchase money in lieu of dower.

Decree must be reversed and the cause remanded.

*Decree reversed.*