[Crim. No. 1579.   Second Appellate District, Division Two.—January 30, 1928.]

THE PEOPLE, Respondent, v. WILLIAM LIVINGSTON, Appellant.

T. F. Allen for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, and John D. Richer for Respondent.

WOOD (W. J.), J., *pro tem.*—Appellant was accused by an indictment filed by the grand jury of the crime of rape committed upon Jessie Peters, a girl of the age of twelve years.   The trial jury returned a verdict of guilty with the recommendation that the accused be punished by imprisonment in the state prison.   Appellant made a motion for a

new trial which was denied. The date of the offense as charged in the indictment was on or about August 27, 1926. The indictment was returned on October 13, 1927, and the trial conducted on October 31, 1927. Appellant and Jessie Peters were married at Goldfield, Nevada, on February 27, 1927, her father and mother being witnesses to the ceremony and her father giving his consent to the marriage. The district attorney offered in evidence a judgment of the superior court of Kern County in an action entitled "Elva Peters *v.* William Livingston and Jessie Livingston, formerly Jessie Peters," dated October 3, 1927, and entered October 5, 1927, in which it was adjudged that the said marriage "be set aside and annulled." To the offer of this evidence defendant objected on the ground that the judgment was void because Jessie Peters, a necessary party and a minor, was not served with process or represented by counsel or a guardian therein and because the judgment was not final, the time for appeal not having elapsed. The objection was overruled and the judgment admitted in evidence. Thereupon Jessie Peters was permitted, over objection, to testify concerning her relations with appellant.

Appellant now seeks a reversal of the judgment on the ground that Jessie Peters was his wife and, therefore, could not testify against him without his consent, citing section 1322 of the Penal Code, and *People* v. *Curiale,* 137 Cal. 534 [59 L. R. A. 588, 70 Pac. 468]. The attorney-general does not answer this contention of appellant or seek in any way to justify the ruling of the court in permitting Jessie Peters to testify. The judgment setting aside the marriage not being final, it should not have been admitted in evidence. (*Harris* v. *Barnhart,* 97 Cal. 546 [32 Pac. 589]; *Di Nola* v. *Allison,* 143 Cal. 106 [101 Am. St. Rep. 84, 65 L. R. A. 419, 76 Pac. 976]; *Cook* v. *Ceas,* 143 Cal. 221 [77 Pac. 65].) It follows that Jessie Peters should not have been allowed to testify.

The attorney-general maintains that, even should it be conceded that the testimony of Jessie Peters was erroneously admitted, the other evidence was such that a reversal would not be justified in view of section 4½ of article VI of the constitution. This contention must be upheld. The age of the girl was shown by her parents to be twelve years at the time of the offense. Dr. H. R. McCallister testified that about March, 1927, he examined Jessie and found

her hymen broken and that she was then pregnant. He stated that the approximate time of her conception was about September 1, 1927. The witness Emery O. Peters, father of the complaining witness, testified that after appellant had been arrested on a charge of having raped his daughter, and while released on bail, he came to the Peters' home for the purpose of trying to make an "outside settlement." The witness stated that he told appellant that he had no outside settlement to make, that he did not care to talk the proposition over with him at all, and that he intended to let the thing stand as it was. Several weeks later appellant proposed marriage in order that the girl might have his name. On the following day Jessie Peters, accompanied by her mother and father, went with appellant to Las Vegas, Nevada, and there attempted to procure a marriage license but were unable to do so because of the girl's age. Thereupon they went to Goldfield and secured a marriage license. The said license was secured upon the misrepresentation of appellant that Jessie Peters was then seventeen years old. They then went to a church and Jessie Peters and appellant were duly married. The witness further testified that it was distinctly understood between himself and appellant that appellant should not live with his daughter at all. Appellant told Mr. Peters that he would foot all the expenses of the trip to Nevada. The mother of Jessie Peters, Mrs. Elva Peters, testified that the family had been on intimate relations with the appellant for years, that he had boarded with them and had had free access to the home; that on August 27, 1926, she was in the city of Turlock; that in the latter part of September, 1926, her daughter became ill and when she told appellant of her daughter's illness he offered to bring her to a doctor in Bakersfield and have her examined and that about January 15, 1927, Jessie was examined by Dr. McCallister. Mrs. Peters also testified that she had a conversation with appellant shortly before they left for Nevada in which she asked him how he could do such a thing and why he did it, and that he replied he did not know, that he could not tell her. The witness further stated that appellant came to their home after he had been released on bail and asked to be forgiven for what he had done. The witness further testified that on June 6, 1927, her daughter gave birth to a child. During the course of the examination of the witness Jessie Peters

the following took place: "Q. Now, was there any other occasion either before or after that in which this defendant had sexual intercourse with you? A. Yes, sir. Q. When? Mr. Livingston: I will take all blame; I don't want her humiliated any more— The Court: Mr. Livingston, you've got to keep quiet in court. Mr. Livingston: I am going to plead guilty, sir."

No evidence was offered by appellant other than the showing of the Nevada marriage. The testimony above set forth stands uncontradicted. The *corpus delicti* was established by the testimony of Dr. McCallister and that of the parents of the child. The guilt of the defendant was shown by his statements made to Mr. and Mrs. Peters. ■ It is well settled that extrajudicial statements and admissions are properly admissible for the purpose of connecting the defendant with the commission of the crime. (*People* v. *Selby*, 198 Cal. 426 [245 Pac. 426]; *People* v. *Stone*, 199 Cal. 621 [250 Pac. 659].) The evidence properly admitted overwhelmingly establishes the guilt of the accused. The statements made by the defendant in open court are in themselves sufficient to convince that no injustice has been done in these proceedings. We are satisfied that the error complained of has not resulted in any miscarriage of justice.

The judgment and order are affirmed.

Houser, Acting P. J., and York, J., concurred.