[Civ. No. 15721. Fourth Dist., Div. Two. July 22, 1976.]

KENDALL-BRIEF COMPANY, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
MARGARET S. WACHTER et al., Real Parties in Interest.

## COUNSEL

Fulop, Rolston, Burns & McKittrick, Lawrence R. Resnick, John Petrasich and Kenneth B. Bley for Petitioner.

No appearance for Respondent.

Paul, Hastings, & Janofsky, David B. Harriman, Donald A. Daucher and Donald L. Morrow, Mark A. Smith and David P. DeLancy for Real Parties in Interest. ·

## OPINION

**FOGG, J.***—Kendall-Brief Company ("petitioner") has petitioned this court for a writ of mandate commanding the respondent Orange County Superior Court to expunge the lis pendens recorded by real parties in interest on petitioner's real property. The primary issue for decision is whether the existence or nonexistence of an easement of right-of-way over a servient tenement affects title to or right of possession of the dominant tenement.

Real parties in interest are the owners of various lots in Tract 6353, one of numerous tracts in the planned development known as Lake Forest, which is located in Orange County. In addition to owning a lot, each of the 104 homeowners in Tract 6353 owns an undivided 1/104 interest in the streets in that tract. Thus, Tract 6353 is not a "normal"

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

tract inasmuch as its streets are not public thoroughfares but "private roads."

Petitioner is the owner and developer of lots in an adjoining tract in Lake Forest (Tract 6349). At the time the lis pendens, which is the subject of this petition, was filed, petitioner owned lots 2, 3, 4 and 9 through 64 in Tract 6349. Since that date the petitioner has conveyed more than 20 of these parcels to individual homeowners.

Petitioner contends that Rollingwood Road, one of the "private roads" in Tract 6353, can be used for ingress and egress by the owners of lots 2, 3, 4 and 9 through 64 in Tract 6349. (Hereinafter lots 2, 3, 4 and 9 through 64 in Tract 6349 will sometimes be referred to as "petitioner's property.") This claim is based on the assertion that there is an easement over the private streets in Tract 6353 which is appurtenant to petitioner's property.

In response to petitioner's claim of an easement, real parties in interest filed an action (action No. 235046) to enjoin trespass, quiet title, enjoin violation of restrictive covenants, abate nuisance, and for violation of the California Environmental Quality Control Act. In essence, real parties in interest wish to restrain the owners of lots in Tract 6349 from using Rollingwood Road. In conjunction with the filing of this action, real parties in interest recorded a notice of pendency of action (lis pendens) which describes *both* Rollingwood Road and petitioner's property.

Petitioner subsequently moved to expunge the lis pendens as to its property. The motion was denied and petitioner filed its petition for a writ of mandate.

■ Section 409 of the Code of Civil Procedure[1] authorizes the recordation of a lis pendens "in an action concerning real property or affecting the title or the right of possession of real property. . . ." Petitioner initially contends that real parties in interest must claim title to its property in order for the lis pendens to be properly recorded. This is clearly not the case; by the unequivocal terms of the statute the action need only be one "concerning real property or affecting . . . title . . . ."

While it is clear that real parties in interest are not required to claim title to petitioner's property as a prerequisite to filing a lis pendens, the

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

test to be applied in determining when it can be expunged is unclear. As previously noted, section 409 allows a lis pendens to be recorded "in an action *concerning* real property or affecting the title . . . of real property . . . ." (Italics added.) However, subdivision (a) of section 409.1 permits a lis pendens to be expunged if "the action does not affect title to . . . real property . . . ."[2]

The pertinent phraseology of section 409 was added by a 1959 amendment. The Legislative Counsel's Digest described the amendment's effect as follows: "Allows recording of notice of pendency of an action concerning real property, as well as an action affecting title or right of possession of real property." Real parties in interest contend that the present litigation concerns real property and therefore may not be expunged under section 409.1.

However, this argument conveniently overlooks the fact that sections 409 and 409.1 pertain to the same subject matter—lis pendens—and, by the usual rule of statutory construction, are to be interpreted together. ■ " ' "Statutes in pari materia are those which relate to the same person or thing, or to the same class of persons or things. In the construction of a particular statute, or in the interpretation of any of its provisions, all acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law." ' [Citations.] The statutes should be construed together if they harmonize and achieve a uniform and consistent legislative purpose. [Citations.]" (*Isobe* v. *Unemployment Ins. Appeals Bd.,* 12 Cal.3d 584, 590-591 [116 Cal.Rptr. 376, 526 P.2d 528].)

Section 409.1 was enacted in 1968, nine years after the inclusion of the word "concerning" in section 409. Section 409.1 only refers to actions which do not "affect title to or right of possession of the real property described in the notice; . . ." It does not use the word "concerning." If the Legislature had wanted to use that term in section 409.1, it could have done so. ■ When sections 409 and 409.1 are read together, the clear implication is that the phrase "concerning real property" should be

---

[2]Section 409.1 provides in part:

"At any time after notice of pendency of an action has been recorded pursuant to Section 409 or other law, the court in which the action is pending shall, upon motion of a party to the action supported by affidavit, order that the notice be expunged, if it is shown to the satisfaction of the court, by clear and convincing proof, that:

"(a) The action does not affect title to or right of possession of the real property described in the notice; . . ."

construed as having the same meaning as the words "affecting the title or the right of possession of real property." (See *Allied Eastern Financial* v. *Goheen Enterprises,* 265 Cal.App.2d 131 [71 Cal.Rptr. 126].) Indeed, any other interpretation would be contrary to the ordinary rules of statutory construction.

Therefore, the test to be applied is whether the main action, involving the existence of an easement of right-of-way over the servient tenement, affects the title or right of possession of the dominant tenement.

At first glance the instant controversy appears to affect the title of petitioner's property despite the fact that real parties in interest do not claim title to that property. The easement claimed by petitioner is an appurtenant easement and thus, if it exists, it attaches to each lot of the petitioner's property and passes to the grantee of each lot regardless of whether it is described in the deed. (3 Miller & Starr, Current Law of Cal. Real Estate (1971) § 708, p. 16.)[3]

However, petitioner contends that its title to the dominant tenement would be unaffected even if an eventual determination proves fatal to its claim of an easement of right-of-way over the servient tenement. In advancing this argument petitioner primarily relies upon *Hocking* v. *Title Ins. & Trust Co.,* 37 Cal.2d 644 [234 P.2d 625, 40 A.L.R.2d 1238]. In that case the plaintiff had purchased land in a subdivision with unimproved streets. The subdivision map had been recorded without roads having been constructed and without posting the necessary bonds. As a result the roads were not constructed. The effect was to deprive the plaintiff of the practical use of the easement. The court held that plaintiff could not recover damages under her title insurance policy because the effective loss of the easement did not affect her title. "Although it is unfortunate that plaintiff has been unable to use her lots for the building purposes she contemplated, it is our view that the facts which she pleads do not affect the marketability of her *title* to the land, but merely impair the market *value* of the property. She appears to possess fee simple title to the property for whatever it may be worth; . . ." (*Id.,* at p. 652.)

Real parties in interest attempt to distinguish *Hocking* on the ground that the plaintiff therein had obtained an easement but that the promised

---

[3]In a collateral argument, real parties in interest contend that petitioner lacks standing inasmuch as it has conveyed several lots since the lis pendens was recorded—thus negating any claim of injury. However, this argument fails to consider whether additional lots would have been conveyed but for the existence of the lis pendens and also requires speculation as to future developments.

roads, which would make the easement meaningful, were never constructed. From the viewpoint of a purchaser of land, denied access because of the nonexistence of an easement of right-of-way, there is no practical difference between an easement which cannot be used and one which does not exist. The effect is the same: the property becomes land-locked. If title to the dominant tenement is unaffected when an easement is virtually unusable, it must likewise be unaffected when the easement is nonexistent. "Where the reason is the same, the rule should be the same." (Civ. Code, § 3511.)

■ Nevertheless, the foregoing discussion is not dispositive of this matter. While the parties have not raised the issue, we have determined that the obverse of the phraseology in section 409.1, to the effect that a lis pendens cannot be expunged if the action affects the right of possession of real property, prohibits expunging the lis pendens in this case. Although title to the dominant tenement would not be affected if petitioner were to suffer an adverse result in the main action, the right of possession of the real property definitely would be affected inasmuch as access to such property would seriously be impaired. In our view, "right of possession" encompasses more than mere ownership of a lot in a land-locked subdivision; it includes the right to have access to and to occupy such property.

In a case of this nature it is not difficult to become immersed in the various aspects of statutory construction and lose sight of the overall objective of the statutes. ■ " 'The purpose of a lis pendens is merely to furnish a means of notifying all persons of the pendency of an action and thereby to bind any person who may acquire an interest in [the] property, subsequent to the institution of the action, by any judgment which may be secured in the action affecting the property.' [Citations.]" (*Brandolino* v. *Lindsay,* 269 Cal.App.2d 319, 325 [75 Cal.Rptr. 56].) Furthermore, the result we reach serves that purpose. Section 409 provides in part: "From the time of filing such notice for record only, shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action as it relates to the real property and only of its pendency against parties designated by their real names." " ' "The general rule is, that one not a party to a suit is not affected by the judgment; the exception at common law is, that a *pendente lite* purchaser, though not a party, was so affected; the qualification of the doctrine made by our statute is, that such purchaser is not affected unless notice of such *lis pendens* be filed with the recorder." [Citation.]' " (*Alpha Stores, Ltd.* v. *Nobel,* 57 Cal.App.2d

867, 871-872 [135 P.2d 625]; see also *Bensley* v. *The Mountain Lake Water Company,* 13 Cal. 306, 319; *Orekar* v. *Lager,* 122 Cal.App. 370, 372-373 [10 P.2d 178].)

The petition for a writ of mandate is denied and the alternative writ is discharged.

Gardner, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied August 12, 1976, and petitioners' application for a hearing by the Supreme Court was denied September 15, 1976.