**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BETSEY WARREN LEBBOS<br><br>Debtor,<br>_____<br><br>JOSEPH GIOVANAZZI, as trustee of the Aida Madeleine Lebbos No. 2 Trust and JOSEPH GIOVANAZZI, as trustee of the Aida Madeline Lebbos Trust II,<br><br>Appellants,<br><br>v.<br><br>LINDA S. SCHUETTE,<br><br>Appellee. | No. 13-60009<br><br>BAP No. EC-11-1735-KiDJu<br>Bk. No. 06-22225-RSB<br>Adv. No. 11-2386-RSB<br><br><br><br>MEMORANDUM[*] |

Appeal from the United States Bankruptcy Appellate Panel
of the Ninth Circuit,
Kirscher, Dunn, and Jury, Bankruptcy Judges, Presiding

Submitted March 9, 2015[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: NOONAN, W. FLETCHER, and DAVIS,*** Circuit Judges.

Linda Schuette (the "Trustee"), trustee of the Chapter 7 bankruptcy estate of Betsey Warren Lebbos (the "Debtor"), filed this adversary proceeding against Joseph Giovanazzi, in his capacity as trustee of the Aida Madeleine Lebbos No. 2 Trust and Aida Madeleine Lebbos Trust II (collectively, "AML Trust II") in the United States Bankruptcy Court for the Eastern District of California. Giovanazzi appeals the bankruptcy court's grant of summary judgment in favor of the Trustee on her claims for preservation of interests in a condominium located in Long Beach, California (the "Condo") for the benefit of the bankruptcy estate; avoidance of transfers of the Condo involving Giovanazzi; a permanent injunction against any action by Giovanazzi that would affect title to or possession of the Condo; and a declaratory judgment that Trustee is the sole owner of the Condo and that the Condo is estate property. Giovanazzi also appeals the bankruptcy court's denial of his motion to dismiss, motion to disqualify the bankruptcy judge, motion to transfer venue, and motions for reconsideration. The Bankruptcy Appellate Panel (the "BAP") affirmed the judgment of the bankruptcy court. Giovanazzi timely filed a notice of appeal to this Court.

***    The Honorable Andre M. Davis, Senior Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

2

**1.** We review decisions of the BAP *de novo,* and therefore review the decisions of the bankruptcy court "under the same standards used by the BAP." *In re Kaypro*, 218 F.3d 1070, 1073 (9th Cir. 2000). On review of the bankruptcy court's decision to deny the motion to dismiss, we accept as true "[a]ll well-pleaded allegations of material fact in the complaint" and construe them "in the light most favorable" to the Trustee in order to determine whether she has stated "a claim to relief that is plausible on its face." *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144–45 (9th Cir. 2013) (citations and internal quotation marks omitted). On review of the bankruptcy court's decision to grant summary judgment, we view "the evidence and inferences therefrom in the light most favorable to [Giovanazzi]" to determine whether "[the Trustee] has shown . . . that there is no genuine issue of material fact[,]" and "whether [Giovanazzi] has come forward with [his] own significant and probative evidence showing a genuine issue of material fact as to the relevant claims or defenses." *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007) (citations and internal quotation marks omitted).

**2.** We find no error in the bankruptcy court's conclusion that the instant proceeding is not time barred. The one-year statute of limitations in 11 U.S.C. § 550(f) does not apply because the Trustee does not seek recovery of property transferred in an avoided transfer under § 550(a). Rather, the Trustee sought and

3

obtained in a prior adversary proceeding (the "Prior Action") both avoidance of transfers of interests in the Condo that occurred on August 19, 2004, and May 25, 2005, and recovery of these interests for the benefit of the bankruptcy estate. *See In re Lebbos*, 422 B.R. 235 (E.D. Cal. 2009), *aff'd*, 362 F. App'x 863 (9th Cir. 2010). The doctrine of laches does not bar the action because Giovanazzi fails to show any unreasonable delay by the Trustee or any resulting prejudice. *See Kling v. Hallmark Cards Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000).

**3.** To establish preservation of an avoided transfer for the benefit of a bankruptcy estate under 11 U.S.C. § 551, the trustee need only show that the transfer was avoided under § 522, 544, 545, 547, 548, 549, or 724(a). *See In re Van de Kamp's Dutch Bakeries*, 908 F.2d 517, 519 (9th Cir. 1990). The Trustee both alleged in her complaint and showed in support of her summary judgment motion that she obtained in the Prior Action avoidance of transfers subject to preservation under § 551. There was no error, therefore, in the bankruptcy court's order denying Giovanazzi's motion to dismiss or its grant of summary judgment in favor of the Trustee as to the preservation claim.

**4.** The lis pendens recorded on March 14, 2007, during the pendency of the Prior Action, provided all information necessary to give notice of the Prior Action. *See* Cal. Civ. Proc. Code § 405.24. Giovanazzi fails to show that any of the alleged

defects in the service of the lis pendens on the defendants to the Prior Action failed, in whole or in part, to provide adequate and sufficient notice to him or the beneficiaries of the conveyances of April 14, 2008, and August 13, 2008. We find no error in the bankruptcy court's conclusion that the judgment in the Prior Action related back to March 14, 2007, and bound Giovanazzi and the beneficiaries of the deed of trust of August 13, 2008. *See Arrow Sand & Gravel, Inc. v. Super. Ct.*, 700 P.2d 1290, 1291–92 (Cal. 1985) (in bank); *Slintak v. Buckeye Ret. Co., L.L.C., Ltd.*, 43 Cal. Rptr. 3d 131, 139 (Cal. Ct. App. 2006).

**5.** Because interests in the Condo transferred on August 19, 2004, and May 25, 2005, were preserved for the benefit of the bankruptcy estate, and the lis pendens related back to March 14, 2007, Thomas Carter and Jason Gold had no interest in the Condo to convey to Giovanazzi when the quitclaim deed was executed in April 2008, and Giovanazzi had no right to encumber the Condo by deed of trust in August 2008. Therefore, we find no error in the bankruptcy court's conclusion that the Trustee was entitled to avoidance of the transfers of April 14, 2008 and August 13, 2008. None of the factual issues raised by Giovanazzi created

5

a genuine dispute of material fact as to the Trustee's entitlement to the relief ordered by the bankruptcy court.[†]

**6.** We review the bankruptcy court's issuance of declaratory and injunctive relief for abuse of discretion. *See Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1079 (9th Cir. 2004); *Exxon Shipping Co. v. Airport Depot Diner, Inc.*, 120 F.3d 166, 168 (9th Cir. 1997). The bankruptcy court had jurisdiction of the Condo as estate property. *See* 28 U.S.C. § 1334(e). Giovanazzi fails to offer any convincing explanation for his contention that the injunction was overly broad. Insofar as Giovanazzi's unlawful detainer action sought to interfere with the Trustee's ownership of the Condo, the bankruptcy court acted within its discretion to declare that the action had no legal force or effect against the bankruptcy estate or the Trustee's ownership of the Condo. We find no abuse of discretion in the bankruptcy court's issuance of the injunction and its award of declaratory relief against Giovanazzi.

**7.** We review the denial of Giovanazi's motion to disqualify the bankruptcy judge for abuse of discretion. *Evenstad v. United States*, 978 F.2d 1154, 1158 (9th

[†]    We reject Giovanazzi's argument that the beneficiaries of the deed of trust of August 13, 2008, are indispensable parties to the instant proceeding under Rule 19 of the Federal Rules of Civil Procedure. As trustee of the AML Trust II, Giovanazzi represented these beneficiaries' interests below and represents their interests on appeal.

Cir. 1992). A bankruptcy judge is disqualified from presiding over a proceeding "in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a),(b)(1); *see also* Fed. R. Bankr. P. 5004(a). "Judicial impartiality is presumed." *First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000). Giovanazzi fails to show how any conduct by the bankruptcy judge in this case reflects personal bias or prejudice or raises any question as to his impartiality. That ex parte orders issued by the bankruptcy court proved adverse to Giovanazzi's interests is no evidence of partiality, personal bias, or prejudice. We hold that the bankruptcy court did not abuse its discretion in denying Giovanazzi's motion to disqualify the bankruptcy judge.

**8.** We review the denial of Giovanazzi's motion to transfer venue for abuse of discretion. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). A bankruptcy court may transfer an adversary proceeding to another district "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; *see also* Fed. R. Bankr. P. 7087. The Trustee is located in the Eastern District of California. Giovanazzi is located in the Southern District of California, and the Debtor is located in the Northern District of California, but Giovanazzi did not seek transfer to either of those districts. The Condo is located in

7

the Central District of California, but the location of the Condo has no effect on the convenience of the parties or the interest of justice. Given the bankruptcy court's significant history with the parent bankruptcy case, the interest of justice favored retention of the proceeding in the Eastern District of California. We hold that the bankruptcy court did not abuse its discretion in denying Giovanazzi's motion to transfer the case.

**9.** We review the denial of Giovanazzi's motions for reconsideration for abuse of discretion. *In re Onecast Media, Inc.*, 439 F.3d 558, 564 (9th Cir. 2006). Courts enjoy "considerable discretion" in deciding reconsideration motions. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (citation omitted). Giovanazzi's motions generally rehashed arguments he raised in some of his original motions and in his opposition to the Trustee's summary judgment motion. As we have found no reversible error in the bankruptcy court's decisions as to any of the underlying motions, we hold that the bankruptcy court did not abuse its considerable discretion in denying Giovanazzi's motions for reconsideration.

**AFFIRMED.**